```
1  Art Pedroza
   ORANGE JUICE BLOG
2  2309 N. Spurgeon St.
   Santa Ana, CA 962706
3  P:714-606-7622
   F:347-402-7122
4
   In Pro Per
5
                     UNITED STATES DISTRICT COURT
                     CENTRAL DISTRICT OF CALIFORNIA
6

7  THINKING LIBERALLY MEDIA, INC.       )  CIVIL Action No.: SACV10-00139 AN
   DBA THE LIBERAL OC, a California     )
8  Corporation; MADISON ALEXANDER PR, INC., a)  DEFENDANTS' RESPONSE
   California Corporation; DANIEL       )
9  CHMIELEWSKI, an individual; CHRIS PREVATT,)
   an individual; RYAN TRABUCO, an      )
10 individual; and CLAUDIO GALLEGOS, an )
   individual                           )
11                                      )
            PLAINTIFF,                   )
12      vs.
   Art Pedroza
13           DEFENDANT
```

The DEFENDANTS' response to the allegations raised by the PLAINTIFFS is as follows:

CYBERSQUATTTING

 1. The DEFENDANT hereby deny all allegations of cybersquatting. The Uniform Resource Locators (URLs) that the DEFENDANT purchased did not belong to the PLAINTIFFS. They were available for sale to anyone when they were purchased by DEFENDANT via GODADDY.COM. The PLAINTIFFS did not at any time act to acquire the URLs before the DEFENDANT did.
 2. Whenever there is a name dispute regarding a contested URL, an administrative process exists does not involve the courts. The PLAINTIFFS should have filed a complaint with ICANN, the global agency that manages URLs. They did not.
 3. When the PLAINTIFFS complained to the DEFENDANT, the DEFENDANT made several offers to resolve the dispute, including offering to trade the URLs for two URLs owned by the PLAINTIFFS (www.artpedroza.com and www.seanmill.com) that contained the names of the DEFENDANT and an associate of his. The PLAINTIFFS responded by asking for $5,000 in legal fees. The PLAINTIFFS also refused to trade the URLS in question. They demanded that the DEFENDANT return the URLs he legally purchased, without consideration.
 4. Ultimately, the DEFENDANT decided to resolve the matter by returning the URLs to GODADDY.COM. These URLs, which include www.liberalocblog.com; www.claudiogallegos.com; www.madisonalexanderpublicrelations.com; www.theliberalocblog.com; www.chrisleahprevatt.com; and www.ryangenetrabuco.com, will eventually be offered for sale by GODADDY.COM to anyone interested in purchasing them.

COMMON LAW TRADEMARK INFRINGEMENT

 1. At the time that the DEFENDANT purchased the URLs in question, the PLAINTIFFS did not own any trademarks regarding the terms used in the URLs. PLAINTIFFS are alleging that the DEFENDANT infringed their common law trademarks. However, neither of the alleged common law trademarks can be construed to be famous, which is a basic test of common law trademarks. DEFENDANT believes that neither MADISON ALEXANDER nor LIBERAL OC are in any way famous.

2. The term "OC" refers to Orange County. There are counties named "Orange" in three states, including California, North Carolina and Florida. It is presumed that there are people who refer to themselves as "liberals" in all three of those states.

3. A search of the term "MADISON ALEXANDER" ON WWW.GOOGLE.COM turns up 18,200,000 results that include the names of various individuals and commercial enterprises. It is not unique.

4. A search of the term "LIBERAL OC" on WWW.GOOGLE.COM turns up 1,430,000 results. Very few of those results actually refer to the Liberal OC blog. It is not unique.

5. PLAINTIFFS argue that the reputation of the corporation known as MADISON ALEXANDER has been harmed. However, plaintiffs advertise this corporation on their blog, THE LIBERAL OC. This is a blog that regularly attacks individuals, political candidates and elected officials. They have, for example, compared at least two current or recent members of the Orange County Board of Supervisors, Supervisor Chris Norby and Supervisor John Moorlach, to fictional characters from the movie STAR WARS who committed genocide in said movies.

6. Moreover, PLAINTIFF DAN CHMIELEWSKI has made political contributions that have referenced MADISON ALEXANDER as his business. CHMIELEWSKI has mixed his business with his politics and as such should expect his business to be referenced by his political opponents.

7. PLAINTIFF DAN CHMIELEWSKI asked his readers to forgive his associate MATT CUNNINGHAM, after CUNNINGHAM outed the names of various victims of molestation by Catholic priests. PLAINTIFF DAN CHMIELEWSKI now claims that his business was hurt by being forwarded to the NAMBLA website, but his past actions indicate that he has no problem being associated with individuals who have been involved in the subject of child molestation.

CYBERSQUATTING UNDER 15 U.S.C. § 1125(d)

1. DEFENDANT denies all allegations of cybersquatting, including under 15 U.S.C. § 1125(d).

2. At the time that the DEFENDANTS purchased the URLs in question, the PLAINTIFFS did not own any trademarks regarding the terms used in the URLs. PLAINTIFFS are alleging that the DEFENDANT infringed their common law trademarks. However, neither of the alleged common law trademarks can be construed to be famous, which is a basic test of common law trademarks. Neither MADISON ALEXANDER nor LIBERAL OC are in any way famous.

3. PLAINTIFFS further allege that the personal names CLAUDIO GALLEGOS, CHRIS PREVATT AND RYAN TRABUCO were infringed by the defendant. However, they did not own the URLS www.claudiogallegos.com, www.ryangenetrabuco.com, and www.chrisleahprevatt.com. Those URLS were purchased, legally, on the open market from GODADDY.COM by the DEFENDANT. He did not violate any laws in purchasing those URLS.

4. These individuals could have filed administrative complaints with ICANN, if they felt that they should own the URLs in question, but did not choose to do so.

5. The DEFENDANT did offer to trade all of these URLS to the PLAINTIFFS in return for the URLs www.artpedroza.com and www.seanmill.com. The offer was rejected by the defendants, who insisted on $5,000 in legal fees.

6. Ultimately the DEFENDANT decided to return these URLs to GODADDY.COM. The PLAINTIFFS may purchase them from GODADDY.COM when the URLS are put on the market by GODADDY.COM.

CONVERSION

1. PLAINTIFFS did indeed have the right to posses the domain names referenced in their complaint. However, they did not buy them. The domain names were available for purchase by anyone inclined to buy them.

2. PLAINTIFFS argue that DEFENDANT intentionally bought the domain names with the purpose to use them in bad faith. But the PLAINTIFFS did the very same thing to the DEFENDANT, first, when they purchased www.artpedroza.com.

3. The DEFENDANT did not need the consent of the PLAINTIFFS. The fact that they failed to protect themselves by buying the URLs in advance is not his problem.

4. Furthermore, the PLAINTIFFS failed to file complaints about the use of these URLS with ICANN, the global agency that manages URLs and handles such issues and complaints.

5. And the PLAINTIFFS did not negotiate in good faith with the DEFENDANT when he offered to trade the URLS to them for the URLS www.artpedroza.com and www.seanmill.com. Instead they tried to extort the DEFENDANT for $5,000 in legal fees.

UNFAIR BUSINESS PRACTICE § 17200

1. The DEFENDANT purchased the URLS in question legally, on the open market. The terms referenced in the URLs were not trademarked. The DEFENDANT had the right to use the URLs in whatever manner they wanted to.

2. The PLAINTIFFs bought the URL www.artpedroza.com, from RYAN TRABUCO, even though DEFENDANT ART PEDROZA was using that URL (his namesake) to promote his consulting business. PEDROZA had offered to buy the URL from TRABUCO. Instead, Trabuco sold it to DAN CHMIELEWSKI. TRABUCO did not negotiate with PEDROZA at all, even though he purchased the URL as a favor to PEDROZA, as they were friends at the time.

3. DEFENDANT forwarded the URLs he legally purchased to websites of PLAINTIFFS' choice as a political statement. The DEFENDANTS felt that the PLAINTIFFS are as offensive as NAMBLA (what is this?) members.

4. PLAINTIFFS contributed money to a hit piece mailer against PEDROZA when he ran for the Santa Ana City Council. They have attacked PEDROZA numerous times on their blog, the Liberal OC, comparing him to Orly Taitz, a Republican who believes that President Barack Obama was not born in the U.S., even though PEDROZA is not a Republican and does not have any views in common with Taitz. The PLAINTIFFS have attacked DFENDANT at every turn and yet resort to suing DEFENDANT when he chooses to make a political statement using URLs he legally purchased.

5. It should also be noted that TRABUCO purchased URLs that were misspelled by candidates DINA NGUYEN and TRUNG NGUYEN and forwarded them to gay Asian pornographic websites in 2008. The PLAINTIFFS even wrote about this on their Liberal OC blog.

6. PLAINTIFFS also argue that their LIBERAL OC blog lost readers because the DFENDANT purchased two URLs that included the term "Liberal OC blog." However, according to Sitemeter, an independent blog readership data company, the LIBERAL OC BLOG'S readership in November, 2009 was equal to their readership in October, 2009, and their readership actually went up in December, as compared to October. In January, 2010, their readership was at the highest levels over the past year. It would appear that their readership actually went up after the DEFENDANTS purchased the URLs in question.

CIVIL CONSPIRACY

1. The DEFENDANT denies any CIVIL CONSPIRACY. As referenced above, the URLs that were purchased by the DEFENDANT were purchased legally and the defendants did not own any trademarks over the terms referenced in the URLs.

2. The DEFENDANT had the right to forward the URLs in question to any websites of their choosing. Moreover, the DEFENDANT chose to make a political statement with regard to the sites the URLs were forwarded to. This is permissible under the First Amendment.

3. DEFENDANT denies that there was conspiracy and as such there are no DOE DEFENDANT.

PRAYER FOR RELIEF

1. The DEFENDANT denies the alleged wrongdoings detailed by the PLAINTIFFS in their PRAYER FOR RELIEF.

2. The DEFENDANT does not own the URLs requested by the PLAINTIFFS. The URLs have been returned to GODADDY.COM.

3. The DEFENDANT respectfully asks for SUMMARY DISMISSAL of all charges by the PLAINTIFFS.

1 | Respectfully Submitted,

2 | Dated: March 19, 2010

Art Pedroza
IN PRO PER
2309 N. Spurgeon St.
Santa Ana, CA 92706

NAME, ADDRESS AND TELEPHONE NUMBER OF ATTORNEY(S)

Art Pedroza
In Pro Per
2309 N. Spurgeon St.
Santa Ana, CA 92706
714-606-7622

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Thinking Liberally Media, Inc., a California Corporation; dba The Liberal OC; et al.<br><br>PLAINTIFF(S),<br>v.<br><br>Art Pedroza, an individual<br><br>DEFENDANT(S). | CASE NUMBER<br><br>SACV10-00139 AN<br><br>PROOF OF SERVICE - ACKNOWLEDGMENT OF SERVICE |

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Orange_____, State of California, and not a party to the above-entitled cause. On March 19_____, 20 10____, I served a true copy of Defendant's response to the Plaintiff's complaint_____ by personally delivering it to the person (s) indicated below in the manner as provided in FRCivP 5(b); by depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following: (list names and addresses for person(s) served. Attach additional pages if necessary.) Todd Ballinger

Place of Mailing: North Grand Station, Santa Ana
Executed on March 19_____, 20 10____ at Santa Ana_____, California

Please check one of these boxes if service is made by mail:

☐ I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.
☐ I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.
☒ I hereby certify under the penalty of perjury that the foregoing is true and correct.

*Signature of Person Making Service*

## ACKNOWLEDGEMENT OF SERVICE

I, _____, received a true copy of the within document on _____.

_____                    Todd Ballinger, Attorney
*Signature*                                    *Party Served*

CV-40 (01/00)                PROOF OF SERVICE - ACKNOWLEDGMENT OF SERVICE