Case No. SACV 10-0139 DOC(RNBx)            Date: May 12, 2011

Title: THINKING LIBERALLY MEDIA, ET AL. v. ORANGE JUICE BLOG, ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT            NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DEFENDANT's RESPONSES TO SPECIAL INTERROGATORIES (SET ONE) SEEKING LITIGATION SANCTIONS

      Before the Court is Plaintiffs' Motion to Compel Defendant's Responses to Special Interrogatories (Set One) Seeking Litigation Sanctions (Dockets 50 and 51).[1] The Court has considered the papers and the circumstances of this case and GRANTS IN PART and DENIES IN PART the Motion.

    **I.**     **Background**

      On February 5, 2010, Plaintiffs filed their complaint ("Complaint") alleging claims of common law trademark infringement; cybersquatting under 15 U.S.C. § 112(d); cybersquatting under 15 U.S.C. § 1129; unfair business practice; conversion; and civil conspiracy against Defendants Orange Juice Blog and Art Pedroza ("Pedroza"). (Docket 1) On March 19, 2010, Pedroza filed an answer. (Docket 10.) On November 19, 2010, the Court issued an Order granting in part and denying in part Plaintiffs' Motion for Default Judgment against Orange Juice Blog.

---

[1] Plaintiffs initially filed this motion to be heard before the Magistrate Judge, but filed a Notice of Errata indicating their intent for this Court to hear the case.

Plaintiffs served discovery requests on Defendant Pedroza, including a First Set of Special Interrogatories, First Set of Request for Production of Documents, and First Set of Admission, on April 21, 2010. Declaration of Todd Gallinger ("Gallinger Decl."), ¶ 3. Though Pedroza has responded to some discovery requests, Plaintiffs insist that he has not responded to many interrogatories, and has failed to verify his responses, to respond to interrogatories, and produce key documents. *Id.* On July 29, 201, the Court issued an Order requiring Pedroza to produce all documents, to respond to Plaintiffs' interrogatories, and to pay sanctions of $2,500 within fourteen days of that Order. He has failed to do so. He did, however, submit to a Joint Stipulation filed along with Plaintiffs' second set of Motions to Compel on September 14, 2010. The Court further compelled Pedroza's response, and on November 3, 2010, Judge Block ordered Pedroza to pay an additional $536 in sanctions.

Plaintiffs insist that they have attempted to meet and confer with Pedroza on numerous occasional, and did meet on February 9, 2011. Gallinger Decl. ¶ 13. Nonetheless, Pedroza refused to provide responses for the Joint Stipulation required under Local Rule 37-2.2. *Id.* at ¶ ¶ 17-18.

Accordingly, Plaintiffs filed the present Motion, and request: (1) attorneys fees and costs resulting from Pedroza's delays; (2) litigation sanctions; (3) that the Court enter default against Pedroza after striking his answer.

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 37, a court has the discretion to strike pleadings and to dismiss a case if a party fails to comply with the court's discovery orders. However, because there is a strong preference for adjudicating cases on their merits, courts may only dismiss a case or enter a default judgment as a sanction where the violation is "due to willfulness, bad faith, or fault of the party." *United States ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co.*, 857 F.2d 600, 603 (9th Cir. 1988) (quoting *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983)). Additionally, the Ninth Circuit has consistently employed a five factor test to determine whether dismissing a case as a sanction is appropriate. The factors are: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [opposing party]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Exxon Valdez,* 102 F.3d 429, 433 (9th Cir. 1996). Because the first two factors almost always weigh in favor of granting default judgment and the fourth factor against granting default judgment, the key factors in determining whether a default judgment should be entered are the risk of prejudice and the availability of less drastic sanctions. *See Adriana Int'l Corp. v. Lewis & Co.*, 913 F.2d 1406, 1412 (9th Cir. 1990); *Wanderer v. Johnston,* 910 F.2d 652, 656 (9th Cir. 1990).

## III. Discussion

Pedroza's conduct has certainly been harmful to Plaintiffs' ability to prepare for trial. Pedroza has also been warned in the past, through the imposition of sanctions, about his obligation to comply with discovery requests. As the trial date draws near, Pedroza must demonstrate compliance with discovery requests. He is therefore ordered to produce, without objections, verified responses to Plaintiffs' Special Interrogatories (Set One) and to comply fully with all discovery requests. Furthermore, the Court agrees with Plaintiffs that some amount of sanctions is certainly appropriate here. Pedroza's evasiveness and unwillingness to cooperate has been unduly burdensome on Plaintiffs–and, not insignificantly, is also causing harm to Pedroza himself through repeated sanctions. Plaintiffs have been required to waste resources simply to attempt to gain Pedroza's compliance with discovery and past Court orders. Accordingly, the Court Orders Pedroza to pay monetary sanctions in the amount of $4,200 to Plaintiffs for the costs of bringing this Motion within 30 days of this Order.

At the same time, however, the Court does not find it appropriate at this time to grant terminal sanctions or to enter a Default against Pedroza. As described above, the decisive factors in determining the appropriateness of sanctions here are the risk of prejudice and the availability of less drastic sanctions. *Adriana Int'l Corp.*, 913 F.2d at 1412. The risk of prejudice to Plaintiffs in going forward with the case is not insignificant, but the risk to Pedroza in imposing terminal sanctions and entering Default is enormous. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (noting that "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal" because "'[l]imited delays and the prejudice to a [party] from the pendency of a lawsuit are realities of the system that have to be accepted" (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999))). The evidence submitted by Plaintiffs certainly suggests that Pedroza has a defense to this case that he believes to be valid. The Court hopes to encourage Pedroza's cooperation so that he is not unnecessarily prejudiced through a premature termination of the case. Less drastic sanctions are certainly available, as the Court can–and does–impose monetary sanctions for fees and costs incurred by Plaintiffs. *See Pagtalunan*, 291 F.3d at 643 (emphasizing the importance of considering less drastic alternatives before terminal sanctions are imposed).

More importantly, the Court believes that Pedroza has not demonstrated the total disregard for this case it believes necessary to reach the drastic measure of terminal sanctions and of striking his Answer. *See United States v. Hempfling*, 385 Fed. Appx. 766 (9th Cir. 2010) ("Terminating sanctions, such as default judgments, are justified only where the party's noncompliance was due to 'wilfulness, fault, or bad faith.'"). Though Pedroza certainly is responsible for his intentional lack of cooperation, there has also been some–albeit, minimal–compliance. Indeed, Pedroza even appeared at the hearing on the Motion for Default Judgment against Orange Juice Blog, even though he was not a party to that motion. The Court is also concerned about entering Default and imposing terminal sanctions against Pedroza, who is a pro se litigant. Some of his communications with Plaintiffs indicate that he is struggling to understand protocol for litigation. Thus, the Court declines to rob him of any future opportunity to be heard and to begin to demonstrate compliance with discovery requests.

That being said, Pedroza is to be warned that future demonstrations of failure to comply

with discovery requests–or with this Order–are likely to result in terminal sanctions and an entering of default. Despite Pedroza's belief that "[t]his is a frivolous lawsuit that I expect the Judge to toss out", the Court is ordering him, under no uncertain terms, to comply with discovery requests. His pro se status does not excuse a failure to follow Court orders.

### IV. Disposition

For the reasons stated above, the Court GRANTS Plaintiffs' request for monetary sanctions in the amount of $4,200, payable to Plaintiffs within thirty days of this Order. The Court ORDERS Pedroza to produce within thirty days of this Order, without objections, verified responses to Plaintiffs' Special Interrogatories (Set One).

The Court DENIES Plaintiffs' request for litigation sanctions and DENIES their request for an entry of Default and a striking of Pedroza's answer.

The Clerk shall serve this minute order on all parties to the action.