**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No. SACV 10-0139-DOC (RNBx)                                              Date: December 15, 2011

Title: THINKING LIBERALLY MEDIA, INC., ET AL. -V- ORANGE JUICE BLOG, ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                                      NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND VACATING HEARING

      Before the Court is Plaintiffs' Motion for Partial Summary Judgment (Dkt. 71). Plaintiffs move for partial summary judgment on their common law trademark infringement and cybersquatting claims against Defendant Art Pedroza ("Pedroza"). The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for December 19, 2011 at 8:30 a.m. is VACATED. After considering the moving papers and the lack of opposition thereto, the Court hereby GRANTS the Motion

      Pursuant to Local Rule 7-12, "The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." Having received no opposition from Pedroza, the Court deems Pedroza's failure to file opposition as consent to granting Plaintiffs' motion. Thus, the motions is granted.

      Plaintiffs seek statutory damages on their cybersquatting claim, actual damages on their common law trademark infringement claim, and an award of attorneys' fees.

      Pursuant to 16 U.S.C. § 1117(d), on an anti-cybersquatting claim, the Court may award from $1,000 to $100,000 for each domain. The Court awards $10,000 per domain for a total statutory damages award of $30,000.

      "To establish damages under the lost profits method, a plaintiff must make a 'prima facie

showing of reasonably forecast profits.'" *Lindy Pen Co., Inc. v. Bic Pen Corp.*, 982 F.2d 1400, 1407 (9th Cir.), quoting 2 J.T. McCarthy, Trademarks and Unfair Competition § 30:27, at 511 (2d ed. 1984). The Court finds that Plaintiffs have not made such a showing in support of their request for $90,000 in actual damages. Plaintiffs' declarations without any supporting evidence do not constitute a prima facie showing of reasonably forecast profits. Accordingly, the Court declines to award actual damages in the form of lost profits. The Court also declines to award attorneys' fees in this case.

        The Clerk shall serve a copy of this minute order on counsel for all parties in this action.